UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM TRIPLETT, )
)
Petitioner, )
)
v. )        No. 1:18-cv-04059-TWP-DML
)
KEITH BUTTS, )
)
Respondent. )

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DIRECTING ENTRY OF FINAL JUDGMENT

William Triplett's petition for a writ of habeas corpus challenges his conviction in a prison

disciplinary proceeding identified as NCN 18-07-0020. For the reasons explained in this Entry,

Mr. Triplett's petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCN 18-07-0020 began with the following conduct report, which was written on July 16, 2018, by Officer LeMaster:

> On the above date and approximate time, I, Officer LeMaster had Offender Triplett, William DOC # 257273 submit to a breathalyzer. Offender Triplett blew a BAC of .113. Offender Triplett was advised he would be receiving a conduct report.

Dkt. 7-1.

Later on July 16, Mr. Triplett received a screening report notifying him that he had been charged with violating Code 231, Intoxicants. Dkt. 7-3. Mr. Triplett signed the screening report and pled not guilty. *Id.* However, he checked boxes stating that he did not request any evidence and did not request to call any witnesses at his disciplinary hearing. *Id.* No other evidence in the record indicates that Mr. Triplett requested evidence or witnesses before or during his hearing.

NCN 18-07-0020 proceeded to a hearing on July 18, 2018. Dkt. 7-5. The hearing officer's report documents that Mr. Triplett admitted that he was guilty of the charge. *Id.* Based on Mr. Triplett's statement, the conduct report, and a picture of a breathalyzer showing a reading of 0.113 (*see* dkt. 7-2), the hearing officer found Mr. Triplett guilty. Dkt. 7-5 The hearing officer assessed sanctions, including deprivation of 45 days' earned credit time and a suspended demotion of one credit-earning class. *Id.*

On August 1, 2018, Mr. Triplett submitted an administrative appeal raising three issues. Dkt. 7-7. First, Mr. Triplett stated, "Conduct report states that I said I am guilty, I absolutely [sic] never said that!" *Id.* Second, Mr. Triplett disputed the accuracy of Officer LeMaster's conduct report. According to the appeal, Officer Triplett administered the breathalyzer test six times. *Id.* The first two tests showed a blood-alcohol concentration of 0, and the next four returned different results. *Id.* Finally, Mr. Triplett asserted that no evidence connects the photograph of the breathalyzer to him. *Id.* Mr. Triplett's administrative appeals were denied. Dkts. 7-6, 7-7.

## III. Analysis

Mr. Triplett raises the same three issues in his habeas petition that he presented in his administrative appeals. The Court also considers a fourth issue implicated by Mr. Triplett's evidentiary challenges. For the reasons set forth below, none provides a basis for habeas relief.

### A.  Admission of Guilt

In his petition, Mr. Triplett states, "I did not plead guilty to this offense even though Disciplinary Hearing Officer Tyrone Thompson claimed that I did on the report of disciplinary hearing." Dkt. 1 at 3. The respondent does not address the merits of this assertion. Instead, the respondent argues that Mr. Triplett is "procedurally barred from obtaining habeas relief on this ground because he failed to raise the issue" in his administrative appeals. Dkt. 7 at 5. But Mr. Triplett's disciplinary hearing appeal clearly states, "Conduct report states that I said I am guilty, I absolutly [sic] never said that!" Dkt. 7-7 at 1.

Mr. Triplett has stated under penalty of perjury that he did not admit his guilt at the disciplinary hearing. Dkt. 1 at 3. Because the respondent has not addressed this ground for relief, the Court assumes for the purposes of this proceeding that the hearing officer's report is incorrect and that Mr. Triplett never said he was guilty.

But this issue does not, by itself, result in habeas relief. The hearing officer did not find Mr. Triplett guilty on the basis of a guilty plea alone. Rather, the hearing officer's report states that he found Mr. Triplett guilty based on the conduct report and evidence in addition to Mr. Triplett's statement. *See* dkt. 7-5. Moreover, as the Court discusses further below, those bases for the hearing officer's decision were sufficient grounds for conviction. Therefore, the Court finds that any error regarding Mr. Triplett's alleged statement of guilt was harmless, and the Court proceeds consider Mr. Triplett's remaining arguments. *See, e.g.*, *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003)

("[E]ven if this factual dispute were to be resolved in Piggie's favor, we are unable to see how Piggie was harmed by the screening officer's alleged conduct."); *Shigemura v. Duft*, 111 F. App'x 843, 845 (7th Cir. 2004) ("[R]efusal to call Weaver's testimony was merely harmless error because any testimony she might give about 'how computers work' could not change the outcome."); *Peters v. Anderson*, 27 F. App'x 690, 692–693 (7th Cir. 2001) ("Even if Peters did present these statements, however, the CAB's refusal to consider them was harmless error" because "[t]he CAB based its guilty decision on the conduct report of the incident in question and the testimony of staff witnesses that Peters was fighting.")

## B.    Sufficiency of Evidence: Other Breathalyzer Tests

Mr. Triplett disputes the accuracy of the conduct report, which refers only to one breathalyzer test. Mr. Triplett states that Officer LeMaster required him "to submit to six different breathalyzer tests" and that the first two showed that no alcohol was in his system. Dkt. 1 at 2.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

A conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Wilson-El v. Finnan*, 311 F. App'x 908, 910 (7th Cir. 2008) (citing *McPherson*, 188 F.3d at 786). The Court may not "reweigh the evidence

underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

It is not clear that Mr. Triplett presented his challenge to the conduct report to the hearing officer. Assuming he did, however, his conviction is still supported by sufficient evidence. An inmate violates Code 231 by "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance." Dkt. 7-9 at § 231. Officer LeMaster's conduct report and the picture of the breathalyzer were "some evidence" supporting the hearing officer's conclusion that Mr. Triplett possessed (or was under the influence of) intoxicants. Mr. Triplett's account would have been evidence supporting a contrary result, but this Court cannot consider whose version of the events is more persuasive. The hearing officer's decision was supported by "some evidence," and that was all that due process require.

## C.     Sufficiency of Evidence: Connection Between Breathalyzer Test and Mr. Triplett

Mr. Triplett argues that "[t]he photographic evidence submitted with the report of conduct does not identify any officer, offender, or time of the reading and does not contain an evidence log sheet identifying the date, time, and location of the test being administered." Dkt. 1 at 2.

"Administrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016). But this requirement does not elevate the burden of proof in prison disciplinary proceedings. The bottom-line question remains whether "some evidence" supports the hearing officer's conclusion. *See Webb v. Anderson*, 224 F.3d 649, 652–653 (7th Cir. 2000). Evidence connecting the test to the petitioner need not be airtight. *See id.* at 652 ("We regard the two omissions in the documentary trail as significant, but not so material as to preclude

prison officials from relying on the documents as evidence of Webb's marijuana usage."). So long as some evidence connects the test to the petitioner, that is enough absent "some affirmative indication that a mistake may have been made." *Id. See also, e.g.*, *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("[I]n light of the discrepancy in the identifying information on the face of the toxicology report, and the fact that no explanation for that discrepancy has been offered, we conclude that the report lacks sufficient indicia of reliability to support the CAB's decision.").

The photograph at dkt. 7-2 documents a breathalyzer result of 0.113. Officer LeMaster's conduct report documents that he administered the breathalyzer test to Mr. Triplett at approximately 2:25 A.M. on July 16, 2018, and that the result of the test was 0.113. Dkt. 7-1. The report shows that Officer LeMaster's immediate supervisor also reviewed and signed the report at approximately 2:25 A.M. on July 16. *Id.* The conduct report is sufficient evidence to connect the breathalyzer result to Mr. Triplett.

Mr. Triplett complains that the photograph of the breathalyzer "does not identify any officer, offender, or time of the reading and does not contain an evidence log sheet identifying the date, time, and location of the test being administered." Dkt. 1. But all this information is documented in the conduct report. A separate evidence log would simply be additional evidence of the same information; its absence does not amount to a critical omission in the evidentiary chain connecting Mr. Triplett to the breathalyzer test. Moreover, the breathalyzer machine simply displays the test result—not information about the test subject, administering officer, or time of the test. *See* dkt. 7-2. Perhaps Officer LeMaster could have written that information down and included it in the photograph, but his decision to simply attach the photograph to the conduct report does not raise an "affirmative indication that a mistake may have been made." *Webb*, 224 F.3d at 652.

Any shortcoming in the evidence connecting the breathalyzer result to Mr. Triplett was "not so material as to preclude" the hearing officer from finding that he possessed, or was under the influence of, intoxicants. *Id.*

## D. Denial of Evidence

As a final matter, the Court has considered Mr. Triplett's arguments concerning the additional breathalyzer tests and the evidence connecting him to the breathalyzer as arguments that he was denied material, exculpatory evidence. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

If Mr. Triplett was in fact tested multiple times, evidence of those tests would be both material and exculpatory. And if evidence regarding the 0.113 showed that it was not connected to Mr. Triplett, that of course would also be material and exculpatory.

Nevertheless, there is no indication that Mr. Triplett was denied due process through the withholding of evidence. Case law makes clear that due process only requires prison staff to allow a prisoner to review and present evidence that he requests before or during the disciplinary hearing. *See, e.g.*, *Piggie v. McBride,* 277 F.3d 922, 925 (7th Cir. 2002) ("We agree that if Piggie failed to make such a request either before or at the hearing, then the CAB could not have denied him due process by not considering the request."). No evidence in the record or assertion in the petition indicates that Mr. Triplett ever requested evidence regarding the 0.113 breathalyzer test or any

others that were administered to him, so the prison staff could not have denied him due process by failing to share such evidence.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Triplett's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Triplett's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   12/6/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM TRIPLETT
257273
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov